**Theodore H. NADLER and Jane Nadler, Plaintiffs-Respondents,**

v.

**The CONTINENTAL INSURANCE CO., Defendant-Appellant.**

**No. 35578.**

Missouri Court of Appeals, St. Louis District, Division Two.

June 18, 1974.

Niedner, Moerschel, Nack & Ahlheim, St. Charles, for defendant-appellant.

Gallego & Mueller, Troy, for plaintiffs-respondents.

GUNN, Judge.

Defendant-appellant appeals from an order of the circuit court denying defendant's motion to bring in third party defendants. The issue is whether an order denyant's motion to bring in third party defendants is an appealable order. We hold that such an order is not appealable and dismiss the appeal.

Plaintiffs-respondents sued defendant for payment of a claim under a homeowners policy issued to plaintiffs by defendant. The claim ensued from an explosion in plaintiffs' gas furnace, and, after defendant's denial of the claim, suit followed. Defendant filed a motion to bring in as third party defendants those who had installed and manufactured the furnace and certain of its parts. The motion was denied by the court, and this appeal followed.

Appeals are creatures of statutes, and without underlying statutory authority, there is no right to an appeal. Seiter v. Tinsley, 503 S.W.2d 38 (Mo.App.1973); Holmes v. Navajo Freight Lines, Inc., 488 S.W.2d 311 (Mo.App.1972). We find no

statutory authority for an appeal from an order denying a motion to bring in third party defendants.

In State ex rel. State Highway Commission v. Armacost Motors, Inc., 502 S.W.2d 330 (Mo.1973), it was said l. c. 331:

"Section 512.020, RSMo 1969, V.A.M.S., is the basic statutory provision granting the right to appeal in civil cases. Essentially the right of appeal from a final judgment has been granted to the aggrieved party. Certain orders are expressly made appealable, to-wit: An 'order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in action of partition which determine the rights of the parties, or * * * from any special order after final judgment in the cause; * * *.' The order here involved does not fall within any of those categories. The order is obviously not a final judgment, inasmuch as it does not dispose of 'all the parties and all the issues in the case.'"

Thus, before an order is ripened for appeal it must dispose of all the issues and all the parties to the case. Brown Supply Co. v. J. C. Penney Co., 505 S.W.2d 463 (Mo.App.1974); Barton v. City of Ellisville, 504 S.W.2d 202 (Mo.App.1973). The order in this case does not fall within the limits of § 512.020 RSMo 1969, V.A.M.S. It does not determine the issues as to the liability between the defendant and the alleged third party defendants nor between plaintiff and any defendants. It does not contain all the essentials of a judgment. To be a final judgment for appeal it must make final determination of the rights of the parties and leave nothing for future determination. The order must make adjudication of all the issues, and the order before this court does not. State ex rel. State Highway Commission v. Armacost Motors Co., supra; Brown Supply Co. v. J. C. Penney Co., supra. The order refusing to allow defendant to bring in third party defendant is not a final appealable order and the appeal is therefore dismissed.

CLEMENS, Acting P. J., and Mc-MILLIAN, J., concur.