STATE of Missouri ex rel. John ASH-
CROFT and Missouri Clean Water Commission, Plaintiff-Respondent,

v.

James and Faye GIBBAR d/b/a J & H
Gibbar Construction Co., Defendant
Third-Party Plaintiff-Appellant,

v.

Perry Plaza, Inc., Harold P. and Irene
Gibbar, Third-Party Defendant-
Respondents.

No. 39032.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 27, 1978.

---

**3.** We do not mean to suggest that the trial court erred in acting as it did.

W. H. Frye, Cape Girardeau, for defendant third-party plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

A. M. Spradling, Jr., Cape Girardeau, for Perry Plaza.

John P. Bradshaw, Cape Girardeau, for Harold & Irene Gibbar.

STEWART, Presiding Judge.

This is an appeal from an order of the trial court dismissing the third-party petition filed by James Gibbar and Faye Gibbar, defendants third-party plaintiffs, against Perry Plaza, Inc. and against Harold Gibbar and Irene Gibbar in the above captioned cause.

The original action was brought by the State of Missouri upon the relation of John Ashcroft, Attorney General of Missouri and Missouri Clean Water Commission (Plaintiffs) against James Gibbar and Faye Gibbar d/b/a J & H Gibbar Construction Company. Plaintiffs' petition as amended is in three counts and alleges violations of Chapter 204, The Clean Water Law, emanating from three separate tracts of land owned by defendants.

Count I of plaintiffs' petition alleges that defendants as the owners of Jamestown Estates Subdivision (Jamestown) operated a sewage system without a permit and discharged raw sewage into a sink hole beneath Perry Plaza Shopping Center and eventually into waters of the State. Counts II and III are similar but are concerned with two other residential developments owned by defendants. Plaintiffs sought injunctive relief and statutory penalties against defendants as provided in V.A.M.S. 204.076.

Defendants, who will hereafter be referred to as owners, filed a third-party petition in two counts. The first count purports to state two causes of action, the first is against Perry Plaza, Inc. (Plaza). It is alleged that if owners should be found guilty of any of the acts set forth in plaintiffs' petition, that it was because of the breach of an agreement made by Perry Plaza, Inc. and owners' predecessors in title to accept sewage into a system to be built on land owned by Perry Plaza, Inc. and that as a result of such breach Perry Plaza, Inc. as a third-party defendant is liable over to owners for all or any proportionate part of any money judgment or judgments which might be obtained by plaintiffs against owners.

Owners also alleged in Count I of their amended third party petition that Harold P. Gibbar and Irene Gibbar were owners of real property that adjoined the lands owned by owners and that they were discharging sewage under ground onto the lands of defendants third-party plaintiffs and contributing to any alleged pollution and therefore they should be liable for part or all of any judgment or judgments which might have been obtained by plaintiffs against owners.

In Count II of their amended petition owners asked for money damages against Perry Plaza, Inc. for a breach of the agreement alleged in Count I and to declare that there was an easement in favor of owners across the lands of Perry Plaza, Inc. into a sewage system on the lands of Perry Plaza, Inc. which sewage system eventually runs into the municipal system of the City of Perryville, Missouri.

Upon motions of Plaza and Harold P. Gibbar and Irene Gibbar, third-party defendants, owners' third-party petition was dismissed for failure to state a claim upon which relief could be granted.

We must first determine whether the order of the trial court is a final judgment so as to invoke the appellate jurisdiction of this court. *Pizzo v. Pizzo*, 295 S.W.2d 377, 379 (Mo.1956). Our determination is governed by Rule 81.06 which reads in part as follows:

". . . When a separate trial is had before the court without a jury of claims arising out of the same transactions, occurrences or subject matter as the other claims stated or joined in the case the judgment entered shall not be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless specifically so designated by the court in the judgment entered. However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined. In any case (jury or nonjury) when a separate final judgment is entered the court may stay its enforcement until other or all final judgments in the cause are entered and may prescribe such conditions as are necessary to secure and protect the relative rights of all parties; provided, however, any such stay shall not affect the right of appeal."

The dismissal of a petition or a count in a petition upon the hearing of a motion to dismiss for failure to state a claim upon which relief can be granted is a separate trial before the court without a jury within the meaning of Rule 81.06. *Johnson v. Great Heritage Life Insurance Company*, 490 S.W.2d 686, 689 (Mo.App. 1973).

In this case the court dismissed both counts of owners' third-party petition. The hearing on the motion to dismiss was a trial before the court without a jury. The order of dismissal did not provide that the dismissal was without prejudice, therefore the third-party petition was dismissed with prejudice. V.A.M.R. Civil Rule 67.03. *Johnson v. Great Heritage Life Insurance Company, supra.*

The court did not specifically provide that the order dismissing owners' third-party petition be deemed a final judgment for purposes of appeal and it did not provide that it was interlocutory or that it was to be held in abeyance pending the disposition of the entire case.

We have jurisdiction only if the order comes within the purview of third sentence of Rule 81.06 which reads:

"However, when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal within the meaning of Section 512.020, Revised Statutes of Missouri, unless the court orders it entered as an interlocutory judgment to be held in abeyance until other claims, counterclaims or third-party claims are determined."

To come within the application of this portion of Rule 81.06 the matters disposed of must not be dependent in any respect upon the outcome or final disposition of any issue left undetermined in the case, the order must not provide that it be interlocutory or that it be held in abeyance until other claims are determined. *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1, 3 (Mo.App.1975).

The two counts of the third-party petition are clearly severable and in applying the rule to this case we must consider each count separately to determine where the order with respect to either count is appealable.

Count I of the third-party petition seeks indemnity from Plaza and from Harold and Irene Gibbar in the event that plaintiffs recover a money judgment

against owners. It is obvious that any liability that Plaza and Harold and Irene Gibbar might have is dependent upon the disposition of the plaintiffs' action against owners and would not be an appealable order. Rule 81.06. *Crenshaw v. Great Central Insurance Co., supra.*

Counsel cited *Wegman v. Fendelman*, 333 S.W.2d 290 (Mo.App.1960) as saying that the dismissal of a third-party petition is an appealable order. There is some broad language to that effect that was not necessary to the opinion because all parties and all issues were disposed of and the appeal was from the final judgment. The case holds that dismissal of a third-party petition because it fails to state a claim upon which relief may be granted is a disposition of the claim on the merits and if it disposes of the whole case it is appealable. See also *Spires v. Edgar*, 513 S.W.2d 372[2] (Mo. banc 1974).

The order so far as it dismissed Count I of the third-party petition is not an appealable order.

■ Count II alleges an agreement between owners' predecessors in title and Plaza to accept sewage into Plaza's sewer system and the breach of that agreement, it further alleges that owners were unable to fully develope Jamestown as a result of the breach and owners sought compensatory and punitive damages and a declaration that they had an easement across the lands of Plaza into Plaza's sewage system.

Applying the principles of *Crenshaw*, plaintiffs in the original action and Harold and Irene Gibbar, defendants in Count I of the third-party petition, are not parties to Count II of the third-party petition. The action relates to the sewage system but the controversy is solely between owners and Plaza. The final disposition of Count II of the third-party petition is in no way dependent on the outcome of the original action filed by plaintiffs or of Count I of owners' third-party petition. The court did not order Count II to be interlocutory or held in abeyance pending disposition of the other issues in the litigation. The dismissal of Count II of owners third-party petition was a final appealable order and we have

jurisdiction to determine the issues presented with respect to that count of the third-party petition.

The dismissal of Count II of the third-party petition was with prejudice and constituted a disposition of the action upon the merits. The Circuit Court has the power and the duty to dismiss a third-party petition for failure to state a claim upon which relief can be granted. *Pierce v. Ozark Border Electric Co.*, 378 S.W.2d 504 (Mo.1964). We must therefore determine whether the second count of that pleading stated a claim upon which relief could be granted against Plaza. If it states a claim we must determine whether Count II is the proper subject of a third-party petition in this action.

■ In considering the sufficiency of the pleading to state a claim we give the averments a liberal construction, treat the facts properly pleaded as true and accord the pleading those favorable inferences fairly deducible from the facts stated. *Scheibel v. Hillis*, 531 S.W.2d 285 (Mo. banc 1976). So viewed, Count II alleged that Plaza had agreed with owners' predecessors in title that said predecessors and their successors could connect to the sewer line on what is now Plaza's property and in consideration of said agreement owners' predecessors sold to Plaza the land now occupied by Plaza; that Plaza has breached that agreement by refusing to permit owners to connect to its sewer line; that owners were unable to fully develope their property and have been damaged as a result of the breach.

The petition states an agreement by Plaza for the benefit of owners as successors, consideration for the agreement, a breach of the agreement and resulting damages. The second count of owners' third-party petition states a claim upon which relief may be granted. *Johnson v. Great Heritage Life Insurance Co.*, 490 S.W.2d 686, 691 (Mo.App.1973). The court erred in dismissing Count II of the third-party petition with prejudice.

We next consider whether Count II of the third-party petition is a proper third-party petition. Rule 52.11 provides that a third-

party petition may be served "upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

 The rule is clear. "[I]f a third-party plaintiff .. . could proceed and recover against the third party defendant . . . even if the [third-party plaintiff] were to win in the suit brought by the plaintiff . . . the petition would not be covered by rule 52.11." *S. P. Personnel Assoc., Etc. v. Hospital B. & E. Co.*, 525 S.W.2d 345, 348 (Mo.App.1975).

It is apparent that in this case owners could proceed and recover against Plaza on Count II of the third-party petition, even if owners were to prevail in the original action. The third-party petition does not come within the purview of Rule 52.11.

Rule 52.11 also provides, "Any party may move to strike the third-party claim, or for its severance or separate trial." The word "strike" is a carefully chosen word. Within the context of Rule 52.11 it means to delete, that is, "to eliminate as a factor or matter for consideration." Webster's Third International Dictionary, p. 596 (1967). It is not a ruling upon the intrinsic merits of the pleading. The remedy of striking a pleading provided by the rule contemplates the situation presented in this case. Count II of owners' petition stated a cause of action against Plaza but was not a proper subject of a third-party petition. The proper remedy is to strike Count II of the third-party petition.[1]

The order of the trial court so far as it dismisses Count II is reversed and remanded with directions to strike said count. The order with respect to Count I is not appealable and as to that count the appeal is dismissed.

REINHARD and STEPHAN, JJ., concur.

---

1. The trial court may in its discretion sever or require a separate trial of a third-party claim in those cases where the third-party claim is within the purview of Rule 52.11.