AAA EXCAVATING, INC.,
Respondent/Plaintiff,

v.

FRANCIS CONSTRUCTION, INC., a Missouri corporation, Appellant/Third Party Plaintiff,

v.

REITZ & JENS, INC., a Missouri corporation, Respondent/Third Party Defendant.

No. 48359.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 2, 1984.

Edward V. Ward, Clayton, for appellant/third party plaintiff.

Maurice L. Stewart, St. Louis, for respondent AAA Excavating.

Douglas A. Copeland, Clayton, for respondent Reitz & Jens, Inc.

REINHARD, Chief Judge.

Defendant appeals from an order of the trial court dismissing defendant's third party petition.

Plaintiff AAA Excavating, Inc. brought suit against Francis Construction, Inc. in the amount of $8,595.00 for excavation and grading work in the construction of a National Supermarket in Jefferson County. Defendant filed an answer and received

leave to file a third party petition against Reitz & Jens, Inc., consulting engineers. Summons was issued and served.

In defendant's second amended third party petition, defendant alleged that it was the general contractor for the construction of a supermarket in Jefferson County and that Reitz & Jens was retained by National Supermarket to perform engineering soil sampling and soil compaction tests at the site. The petition further alleges, *inter alia*, that Reitz & Jens failed to adequately perform the soil compaction test; failed to determine the presence of an unstable creek bed and failed to warn defendant of the unstable creek bed. Defendant alleged that "[b]ased on the reports and consultations provided by Reitz & Jens, Inc." defendant constructed the supermarket which subsequently sank and settled causing walls of the building to crack. This required defendant to repair the walls and regrade the area at the expense of defendant in the amount of $9,000.00. It finally alleges that as a result of that expenditure, it was unable to pay plaintiff, AAA Excavating and that should "Francis Construction be found liable to plaintiff, AAA Excavating, it will be the direct and proximate result of the negligence of Reitz & Jens . . . ."

Reitz & Jens, Inc. filed a motion to dismiss the third party petition for failure to state a claim for relief and because this was an improper third party petition. The trial court sustained Reitz & Jens' motion to dismiss and the third party defendant was dismissed. This appeal ensued.

■ AAA Excavating, Inc. has filed a motion to dismiss the appeal relying on *Nadler v. Continental Insurance Co.*, 511 S.W.2d 446 (Mo.App.1974) in which this court held that an order denying third party plaintiff's motion to bring in third party defendants was not appealable because such an order failed to determine liability between defendant and the alleged third party defendant. Here, third party plain-

tiff received leave to file the third party petition and the third party defendant was before the court. *Nadler* is not applicable because the trial court's dismissal of defendant's third party petition did dispose of the liability between defendant and the third party defendant.

However, this does not end the inquiry of whether this was an appealable order, as it is evident the court's order does not dispose of all parties and issues. The court's order was not denominated final for purposes of appeal, so whether we have jurisdiction depends upon whether the order comes within the provisions of Rule 81.06 which provides that "when a separate trial is had before the court without a jury of an entirely separate and independent claim unrelated to any other claims stated or joined in the case, then the judgment entered shall be deemed a final judgment for purposes of appeal."

■ The dismissal of a third party petition for failure to state a claim upon which relief can be granted is a separate trial before the court without a jury within the meaning of Rule 81.06. *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 927 (Mo.App.1978). To be an appealable order the matters disposed of must not be dependent in any respect upon the outcome or final disposition of any issue left undetermined in the case. *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1, 3 (Mo.App.1975).

■ The only relationship defendant alleges between AAA Excavating's claim and defendant's claim against Reitz & Jens' for negligence is defendant's allegation that it was unable to pay AAA Excavating because it had to use those funds to pay for repairs to the building after construction. Regardless of the outcome of AAA Excavating's claim, defendant will still have a claim against Reitz & Jens for all of its claimed damages of $9,000.00. Defendant's claim is in no way dependent upon the disposition of plaintiff's petition against de-

fendant.[1] The court did not order the dismissal to be interlocutory or held in abeyance hence the dismissal of the third party petition was a final appealable order and we have jurisdiction. *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 928 (Mo. App.1978); Rule 81.06.

■ In considering the sufficiency of the third party petition, we give the averments a liberal construction, treat the facts as true and accord the pleading those favorable inferences fairly deducible from the facts stated. *Scheibel v. Hillis*, 531 S.W.2d 285, 289 (Mo. banc 1976).

■ Defendant contends that its petition states a claim for relief against Reitz & Jens, Inc. for the tort of negligent misrepresentation as set forth in the Restatement of Torts Second, Section 552 which has been recognized in Missouri. *Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.*, 656 S.W.2d 766 (Mo.App.1983); *Springdale Gardens, Inc., v. Countryland Development, Inc.*, 638 S.W.2d 813 (Mo.App.1982); *Ligon Specialized Hauler, Inc. v. Inland Container Corp.*, 581 S.W.2d 906 (Mo.App.1979); *Aluma Kraft Manufacturing v. Elmer Fox & Co.*, 493 S.W.2d 378 (Mo.App.1973). The elements of this cause of action are: (1) that defendant supplied information in the course of his business or because of some other pecuniary interest; (2) that because of a failure by defendant to exercise reasonable care or competence, the information was false; (3) that the information was intentionally provided by defendant for the guidance of a limited group, including plaintiffs, in a particular business transaction; and (4) that in relying on the informa-

tion, plaintiffs suffered a pecuniary loss. *Chubb Group of Insurance Companies v. C.F. Murphy & Associates*, 656 S.W.2d 766, 783 (Mo.App.1983).

■ Reitz & Jens, Inc. assert that the third party petition fails to state a claim for relief because of a lack of privity between it and defendant. However, privity is not an element of the tort of negligent misrepresentation. *Aluma Kraft Manufacturing Co. v. Elmer Fox & Co.*, 493 S.W.2d 378, 383 (Mo.App.1973). Moreover, other jurisdictions have specifically recognized liability against an engineering firm for negligent preparation of a soil testing report in the absence of privity between plaintiff and defendant. *Miller Co. v. Central Contra Costa Sanitary District*, 198 Cal.App.2d 305, 18 Cal.Rptr. 13 (1961) (suit by general contractor); *Howell v. Fisher*, 49 N.C.App. 488, 272 S.E.2d 19 (1980).

■ The third party petition adequately alleges that third party defendant negligently supplied false information upon which the third party plaintiff relied to its pecuniary loss. The third element that the information was intentionally provided for the benefit of the third party plaintiff has not been expressly pleaded. Nonetheless, this element is inferable from the facts pleaded. There is no question that a general contractor may be one of a limited group for whom a soil test report would be provided. *See Miller v. Central Contra Costa Sanitary District*, 198 Cal.App.2d 305, 18 Cal.Rptr. 13 (1961). Under modern pleading principles, a petition is not to be dismissed for failure to state a claim for relief unless it appears that the plaintiff can prove no set of facts in support of his

1. The third party plaintiff has neither alleged the excavation and grading work for which AAA Excavating is suing defendant was made more expensive by reason of the third party defendant's negligence in failing to discover the unstable creek bed nor that it was performed to correct the deficiencies after the supermarket was constructed. If defendant had made either of these allegations in the third party petition, and if defendant were to prevail on AAA Exca-

vating's petition for damages then defendant's claim for damages against Reitz & Jens would be reduced. In short, had defendant made these allegations a portion of Reitz & Jens' liability to defendant would be dependent upon the disposition of plaintiff's claim against defendant and the order of dismissal would not be appealable. Rule 81.06. *See Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.*, 656 S.W.2d 766, 773 (Mo.App.1983).

claim which would entitle him to relief. *Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976); *Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625, 630 (Mo.App.1975). Even if imperfectly or defectively stated, if the pleaders allegations invoke substantive principles of law which may entitle him to relief, a motion to dismiss for failure to state a claim for relief should be denied. *Ingalls v. Neufeld*, 487 S.W.2d 52, 56 (Mo.App.1972). Judged by the applicable standards of review, we believe the third party petition should not have been dismissed.

However, we must consider whether the third party petition is a proper third party petition. Rule 52.11 provides that a third party petition may be served "upon a person not a party to the act who is or may be liable to him for all or part of the plaintiff's claim against him." If a third party plaintiff could proceed and recover against the third party defendant even if the third party plaintiff were to win in the suit brought by the plaintiff the petition would not be covered by Rule 52.-11. *S.P. Personnel Assoc. v. Hospital B. & E. Co., Inc.*, 525 S.W.2d 345, 348 (Mo. App.1975). As stated earlier, third party plaintiffs may proceed and recover against Reitz & Jens, Inc., even if they were to prevail on plaintiff's petition. Consequently, the third party petition does not come within the purview of Rule 52.11. *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d 924, 929 (Mo.App.1978). The correct remedy for the situation where the petition states a cause of action but is not the proper subject of a third party petition is striking the pleading, not dismissal. Such a ruling is not one upon the intrinsic merits of the pleading. *State ex rel. Ashcroft v. Gibbar*, 575 S.W.2d at 929.

The order of the trial court dismissing the third party petition is reversed and remanded with directions to order the third party petition stricken. Reitz & Jens' motion for damages for frivolous appeal is denied.

KAROHL, P.J., and CRANDALL, J., concur.