**B.L. JET SALES, INC.,**
**Plaintiff-Appellant,**

**v.**

**ALTON PACKAGING CORPORATION**
**and the Garrett Corporation,**
**Defendants-Respondents.**

No. 51361.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 6, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1987.

Application to Transfer Denied
March 17, 1987.

---

Jay L. Levitch, Peter T. Sadowski, St. Louis, for plaintiff-appellant.

Richard Oertli, St. Louis, for Alton Packaging, Corp.

Reed W. Sugg, Howard B. Becker, St. Louis, for The Garrett Corp.

REINHARD, Judge.

B.L. Jet Sales, Inc. appeals following its voluntary dismissal of counts I and IV of its amended petition and the trial court's dismissal of counts II and III for failure to state a claim upon which relief can be granted. We reverse and remand as to counts II and III and dismiss the appeal as to counts I and IV.

B.L. alleges a breach of warranty by Alton Packaging Corporation in count I and a breach of warranty by The Garrett Corporation in count IV. Allegations in counts II and III are couched in terms of negligence by Garrett.

Initially, we note that B.L. voluntarily dismissed counts I and IV; Alton and Garrett request that the appeal on these counts be dismissed. We agree with the defendants that, as a result of plaintiff's voluntary dismissal of these counts, we have nothing before us to review. We dismiss the appeal involving counts I and IV.

In count II of its amended petition, B.L. alleges the following facts. In 1977, The Garrett Corporation, doing business as Airesearch Aviation Company, serviced and repaired a two-engine jet aircraft. Subsequently, Alton Packaging Corporation purchased the plane. In 1980, Alton sold the plane to B.L. which resold it to Bronxville Equipment Company. Bronxville, dissatisfied with the plane, filed suit in 1981 in federal district court in New York seeking rescission of the sale and damages. In 1982, B.L. and Bronxville entered into a settlement agreement whereby B.L. paid Bronxville $160,000 for repair expenses incurred by Bronxville and assumed liability of a note used to finance the purchase. Bronxville returned the plane to B.L.

In count II, B.L. also alleges:

3. During the course of performing maintenance and repair work on aircraft, defendant Garrett has been and is under a duty to make entries in the logbooks of such aircraft describing the maintenance and repair work which it performs thereon so that subsequent purchasers and owners of such aircraft may be fully advised respecting the prior history, maintenance and repair record of such aircraft.

4. In about November and December, 1977, ... Garrett made substantial repairs to the wing fuel tanks of [the plane] ... to alleviate severe and extensive corrosion found inside the wing fuel tanks of the plane.

5. In breach of its duty ... Garrett negligently failed to make any entry in the logbooks of the plane describing or making any reference to the ... corrosion found inside the wing fuel tanks of the plane or to the repairs which it made....

6. ... plaintiff, relying on the aforesaid logbooks and the absence of any entries therein describing or making any reference to the aforesaid repairs made by defendant Garrett and without knowledge that such repairs had been made or that the aforesaid corrosion had previously existed, purchased the plane from defendant Alton....

7. During the summer of 1980, plaintiff sold the plane to Bronxville....

8. In about February, 1981, Bronxville discovered severe corrosion in various portions of both wing fuel tanks of the plane [and] caused repairs to be per-

formed ... During such repairs, it was discovered that said corrosion had resulted from corrosion that had previously developed in the plane's wing fuel tanks and from repairs that had been made by defendant Garrett ... to correct that previous corrosion.

Count III of the amended petition incorporates by reference all the allegations of count II and adds this allegation:

2. At the time that defendant Garrett failed to make any entry in the logbooks of the plane describing the aforesaid repairs it had made to the wing fuel tanks of the plane, it knew or should have known: that said repairs had been substantial and had been made to structurally significant portions of the plane; that according to defendant Garrett's own business practices, industry practices and applicable federal regulations, an entry describing such repairs should have been made in the logbooks of the plane; that the fact of the existence of said repairs, and the condition they were meant to correct, would have been, is and will be material to subsequent purchasers and owners of the plane in that the existence of the same adversely affect and diminish the fair market value of the plane; that subsequent purchasers and owners of the plane would rely upon the accuracy of the entries contained in the logbooks of the plane and upon the absence of entries from those logbooks as being a complete history and record of the condition and maintenance of the plane, and therefore, defendant Garrett's conduct as aforesaid, showed complete indifference to or conscious disregard for the rights of plaintiff, as a subsequent purchaser and owner of the plane....

Each of the four counts alleges actual damages as follows: (1) $160,000 paid by B.L. to Bronxville to settle Bronxville's suit, (2) B.L.'s attorney fees and costs associated with the Bronxville suit, (3) interest paid on the Bronxville note assumed by B.L., (4) the difference between the actual fair market value of the plane and its value as warranted, and (5) hangar rental, insurance, and maintenance expenses incurred after the Bronxville settlement. The amended petition asks for $334,245.80 actual damages plus incidental damages; count III seeks an additional $1,000,000.00 as punitive damages.

Garrett filed a motion to dismiss for failure to state a claim alleging that the relief sought by B.L. was for economic loss and that economic losses are not recoverable under a negligence claim unless B.L. alleges "personal injury, damage to property other than the alleged defective aircraft, or that the aircraft was rendered useless by some violent occurrence." The court sustained Garrett's motion and dismissed counts II and III of B.L.'s amended petition, and this appeal follows.

■ An appellate court reviewing the dismissal of a petition for failure to state a claim must determine if the facts pleaded and reasonable inferences drawn therefrom, viewed in the light most favorable to the pleader, demonstrate any basis for relief. We must accept as true all facts averred in the petition and construe all averments liberally and favorably to the pleader. *San Luis Trails Association v. E.M. Harris Building Co.,* 706 S.W.2d 65, 67 (Mo.App.1986). Even if imperfectly or defectively stated, if the pleader's allegations invoke principles of substantive law which might entitle him to relief, a court should deny a motion to dismiss for failure to state a claim. *AAA Excavating, Inc. v. Francis Construction, Inc.,* 678 S.W.2d 889, 893 (Mo.App.1984).

B.L. contends its amended petition states a claim for relief against Garrett for negligent misrepresentation. Negligent misrepresentation was first recognized in Missouri by us in *Ligon Specialized Hauler, Inc. v. Inland Container Corp.,* 581 S.W.2d 906 (Mo.App.1979) where we said that, although Restatement (Second) of Torts § 552 (1977) had not been expressly adopted in Missouri, we considered it a "persuasive frame of reference" for the cause of action stated in that case. *Id.* at 909. Section 552, entitled "Information Negligently Supplied for the Guidance of Others," provides:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

(a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

(b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

■ The elements of a claim of negligent misrepresentation, as stated in *AAA Excavating*, are:

(1) that defendant supplied information in the course of his business or because of some other pecuniary interest; (2) that because of a failure by defendant to exercise reasonable care or competence, the information was false; (3) that the information was intentionally provided by defendant for the guidance of a limited group, including plaintiffs, in a particular business transaction; and (4) that in relying on the information, plaintiffs suffered a pecuniary loss.

678 S.W.2d at 893. Privity is not an element of the tort of negligent misrepresentation. *Id.*

Garrett argues that B.L.'s claim for negligent misrepresentation fails in two respects. First, Garrett contends that the petition fails to allege that Garrett "intentionally provided information for the guidance of a limited group, including B.L. Jet." Garrett also contends that "Even if B.L. Jet has pleaded a negligent misrepresentation cause of action, dismissal of its cause of action would still be required" because "B.L. Jet cannot recover economic losses under any tort theory, including negligent misrepresentation." Garrett contends that recovery in tort for economic damage is limited to cases of "personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence," and that B.L.'s only viable cause of action would be in contract or warranty.

■ In applying the standard of review as stated above to the sufficiency of the pleadings, we believe that B.L. has stated a claim for relief against Garrett for negligent misrepresentation. The amended petition alleges that, in the course of its business, Garrett negligently failed to enter certain required information in the plane's logbooks, an omission which, if true, is tantamount to supplying false information. The guidance element is satisfied by B.L.'s allegation that the omitted information is required to be recorded in the logbooks so that "subsequent purchasers and owners of such aircraft may be fully advised respecting the prior history, maintenance and repair record of such aircraft." B.L. also alleges its reliance, pecuniary loss, and that it is a member of a limited group, i.e., subsequent purchasers of the plane. Allegations that Garrett intentionally provided the information are reasonably inferable from the facts pleaded.

■ Furthermore, we believe that the limitation on liability set forth in subsection 552(2) of the Restatement is not necessarily applicable to B.L.'s claim as it is pleaded because of the public duty exception stated in subsection 552(3). Paragraph 2 of count III alleges that federal regulations require an entry describing the repairs made by Garrett should have been made in the logbooks of the plane. Although these federal regulations are not before us, we believe that it can be inferred from the petition that the regulations create a public duty on

the part of Garrett, and that B.L. belongs to the "class of persons for whose benefit the duty is created."[1]

■ There also is ample authority to support B.L.'s contention that it may recover damages for the type of losses it alleges under a negligent misrepresentation theory. Restatement (Second) of Torts § 552B entitled "Damages for Negligent Misrepresentation" states:

(1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including

(a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

(b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

(2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

Although no Missouri court appears to have adopted § 552B, in *Ligon*, 581 S.W.2d 906, we said, "As appellant's action was instituted to recover *damages for expenses incurred* ... Section 552 ... is more applicable." Our review of Restatement (Second) of Torts § 552 and negligent misrepresentation cases from Missouri and other jurisdictions leads us to conclude that the damages alleged here are in the nature of those permitted under the theory of negligent misrepresentation.[2]

We have examined the cases cited by Garrett in support of its assertion that damages for economic loss cannot be recovered under any tort theory, absent personal injury, damage to property other than that sold, or violent occurrence. We conclude, however, that a negligent misrepresentation action is in a different category from, and is not resolved by, the cases cited by Garrett, and that B.L. has stated a claim for negligent misrepresentation.

B.L. also contends it pleaded a cause of action in negligence for "recovery of economic damages arising from the negligent manner in which ... Garrett ... performed said contract." We find nothing in the amended petition which alleges that Garrett negligently performed its contract to repair the plane.

---

**1.** The Nevada Supreme Court, in *Bill Stremmel Motors, Inc. v. First National Bank*, 94 Nev. 131, 575 P.2d 938 (1978), imposed § 552(3) public duty liability on an automobile dealer who issued a false dealer's report which stated the bank had a security interest in an automobile sold by the dealer. The dealer also failed to submit the original copy of the report to the Department of Motor Vehicles, a violation of state law. As a result, the bank did not acquire a security interest in the automobile and was damaged.

**2.** In *Ligon*, plaintiff carrier alleged that defendant shipper negligently failed to warn the carrier of the true weight of a die cutter which shifted and fell from the truck causing the carrier to incur expenses to remove and ship the damaged machine and to provide a replacement.

*See also, e.g., AAA Excavating*, 678 S.W.2d 889 (expenses incurred in repairing cracked walls and regrading area around building); *Chubb Group of Insurance Companies v. C.F. Murphy & Associates, Inc.*, 656 S.W.2d 766 (Mo.App.1983) (losses suffered because alleged negligent design and construction of arena prevented plaintiffs from staging performances and selling souvenirs); *Cook Consultants, Inc. v. Larson*, 700 S.W.2d 231 (Tex.Civ.App.1985) (diminished value of real estate resulting from a negligently performed survey); *Berry v. Playboy Enterprises, Inc.*, 195 N.J.Super. 520, 480 A.2d 941 (1984) (unreimbursed medical expenses as a result of employer's alleged negligence in not informing employee of opportunity to elect salary status which provided immediate health care benefits); *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 79 N.C.App. 81, 339 S.E.2d 62 (1986) (relying on erroneous information supplied by accounting partnership concerning a firm's net worth, creditors extended credit to the firm and suffered loss when firm went into bankruptcy); *Perschall v. Raney*, 137 Ill.App.3d 978, 92 Ill. Dec. 431, 484 N.E.2d 1286 (1985) (labor and material costs incurred by homeowner to repair termite damage undetected by termite inspector); *Donnelly Construction Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 677 P.2d 1292 (banc 1984) (increased cost of construction due to error in plans and specifications prepared by architects); *Kovaleski v. Tallahassee Title Co.*, 363 So.2d 1156 (Fla.Dist.Ct.App.1978) (purchaser of property at tax sale stated claim for damages as a result of title company's negligent omission from abstract of a preexisting interest held by a third party).

Appeal dismissed as to counts I and IV; reversed and remanded as to counts II and III.

SMITH, P.J., and DOWD, J., concur.