960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SPIE-CAPAG S.A., Plaintiff-Appellant,
v.
ENGINEERING-SCIENCE, INC., a California corporation,
Defendant-Appellee.
 No. 91-15219.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided April 16, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Spie-Capag S.A. appeals the district court's summary judgment in favor of Engineering Science, Inc. on Spie's negligence claim for economic injury arising out of ES's work as designer and consulting engineer for a sewerage program in India. Spie had contracted with the Municipal Corporation of Greater Bombay to construct two ocean outfalls for the program. Spie encountered problems that it alleges were due to ES's design and that forced it to give up work on the project, thereby suffering financial loss. We affirm.
 
 
 3
 The district court found that, although California law allows a contractor to sue a designer/engineer for negligence in connection with a construction project even if the two are not in privity of contract, see M. Miller Co. v. Central Contra Costa Sanitary Dist., 18 Cal.Rptr. 13, 15 (Cal.Ct.App.1961), the law of India applies and does not permit such a cause of action in the absence of privity between the contractor and the designer/engineer.
 
 
 4
 Spie argues that applying India law was error because California's interests in having its law apply outweigh India's interests in having India law apply. See McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1422 (9th Cir.1989) (describing the "true conflict" and "comparative impairment" prongs of California test). India has a strong interest in regulating conduct that occurs within its borders and causes harm there. It also has an interest in attracting international construction firms, which would be contravened by expanding liability, and an interest in keeping engineer/designers from owing conflicting obligations to the project owner and the contractors. California's interests are comparatively weak.
 
 
 5
 Spie then argues that there is no India law on point, but that recent tort decisions suggest that India would adopt a rule comparable to California's, not England's. Although there is no India authority one way or the other, ES adequately demonstrated that India typically follows English or Commonwealth law, and that courts of England and Canada have rejected claims such as Spie's. See Pacific Assocs. v. Baxter, 3 W.L.R. 1150 (1989); Edgeworth Constr. Ltd. v. N.D. Lea & Assocs. Ltd., 53 B.C.L.R. (2d) 180 (1991). Spie also contends that we should apply that part of the Pennsylvania choice-of-law test that provides that "when a sister state's law is unknown or unclear it is presumed to be the same as [the forum state's law]." Melville v. American Home Assurance Co., 584 F.2d 1306, 1308 (3d Cir.1978). That rule, however, is not part of the California choice-of-law test, see Offshore Rental Co. v. Continental Oil Co., 583 P.2d 721 (Cal.1978), and conflicts with the California test's emphasis on the comparative interests of the states in question.
 
 
 6
 Because California and India law differ on the issue in this case and because India has a comparatively greater interest in having its law applied, the district court correctly applied India law and determined that it precluded Spie's claim.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3