Janis WEDEMEIER, et al., Plaintiff,

v.

Howard GREGORY, Defendant/Third-Party Plaintiff/Appellant,

v.

UNION ELECTRIC COMPANY, Third-Party Defendant/Respondent.

No. 64026.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 22, 1994.

Gerald Warren, Clayton, for appellant.

Dorothy White–Coleman, St. Louis, for respondent.

GRIMM, Presiding Judge.

In this personal injury case,[1] plaintiff's petition alleged she was a passenger in an automobile. The automobile "was caused to leave the traveled portion of the roadway," went up into defendant landowner's lawn, and struck third-party defendant Union Electric's utility pole. Plaintiff sought damages from landowner and UE.

UE filed a summary judgment motion. It contended that under the pled facts, it did not owe or breach any duty to plaintiff. The trial court sustained the motion; plaintiff did not appeal.

Thereafter, on December 31, 1992, landowner obtained leave to file a third-party petition against UE. In an amended third-party petition, among other things, he alleged that in 1983, UE asked landowner for an easement so that it could erect a pole on his property. Landowner refused. In August, 1984, UE trespassed on landowner's property and installed the utility pole which plaintiff's automobile struck.

In the third-party petition, landowner pled he sustained these damages: (1) $1,000 for the diminished value of his property, (2) consequential damages for attorney's fees for defense of plaintiff's case, and (3) consequential damages in the amount of any judgment he has to pay plaintiff. In response, UE filed a motion seeking: (1) the dismissal or striking of the petition because it failed to state a claim, and (2) summary judgment. The trial court's order sustained UE's motion; however, it did not specify the particular relief granted. Landowner appeals; we clarify and affirm.

Landowner's brief contains two points. As we understand them, he contends in his first point that the trial court erred in "holding" that he did not have a claim for consequential damages. In his second point, he alleges the trial court erred in granting UE's motion because his "petition stated a valid claim in trespass upon which relief should be granted," and factual issues preclude summary judgment.

### I. Consequential Damages

In his first point, landowner alleges:

The court below erred holding the possessor of land has no claim for consequential damage against a known trespasser, who enters onto the possessor's ground and creates a hazardous or dangerous condition which the possessor knows that foreseeably causes injury to a subsequent party when entering onto said ground who the possessor does not warn or otherwise protect against the danger and said subsequent party is thereby injured.

This point does not comply with the requirements of Rule 84.04(d). *See Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978). Nevertheless, *ex gratia*, we grant brief review.

---

**1.** Plaintiff's husband was the driver of the automobile; he died from the injuries received. His daughter and wife brought a separate wrongful death action, pleading essentially the same theories of negligence. That action was consolidated with this personal injury case. For ease of reading, we refer only to the wife's personal injury pleadings.

Before proceeding further, we note the caption on landowner's motion for leave to file his third-party petition. It says that leave is sought "in accordance with Missouri Rule of Civil Procedure 52.11." Landowner's initial brief does not discuss Rule 52.11.

UE's brief raises Rule 52.11 issues. However, landowner's reply brief does not respond to those issues. Rather, it contends the trial court's ruling "was in fact, motivated more by considerations found in" Rules 52.04 and 52.05. Nothing in the record before us substantiates landowner's contention.

We turn to the merits. From landowner's brief, we understand he contends that in a third-party petition, he is entitled to seek consequential damages for his expenses and damages resulting from UE's trespass which caused plaintiff's injuries. Third-party practice is controlled by Rule 52.11.

■ Rule 52.11(a) states that a defendant may file a third-party petition against a person who is not a party to the action. Here, plaintiff sued both landowner and UE, and summary judgment was entered for UE and against plaintiff. Therefore, on the face of the rule, it appears that landowner did not meet the basic Rule 52.11 requirement that the third-party petition be against "a person not a party to the action." *See* 3 JAMES W. MOORE ET AL., *Federal Practice,* ¶ 14.14 (2d ed. 1985).[2]

■ Further, one may prosecute a third-party petition only when a right to relief exists under the applicable substantive law. *See* 6 CHARLES A. WRIGHT ET AL., *Federal Practice and Procedure* § 1446 (Civil 2d ed. 1990). Here, landowner denominated his third-party petition as "Intentional Trespass–Consequential Damages." Nothing in his brief refers us to any authority that he has a right to consequential damages for an intentional trespass under Missouri substantive law. We decline to become landowner's advocate to determine if such authority exists. Point denied.

### III. Intentional Trespass

In his second point, landowner alleges the trial court erred in granting UE's "motion to

dismiss, to strike and/or for summary judgment ... [because his petition] stated a valid claim in trespass ... and that there [were] ... substantial questions of fact properly raised between the parties so as to preclude the granting of summary judgment."

Landowner's third-party petition adequately pleads an intentional trespass. In response, UE filed its motion, including a request for summary judgment. UE's summary judgment motion was accompanied by affidavits. However, none of those affidavits address landowner's allegation that the utility pole is located on his property and that UE does not have an easement for the pole.

■ Further, in opposition to UE's summary judgment motion, landowner filed excerpts from his personal deposition. In that deposition, landowner said: (1) the pole was on his property, (2) he never gave anyone an easement for the pole, and (3) he told UE it was trespassing. Landowner's assertions preclude the granting of summary judgment for intentional trespass. Rule 74.04(c)(3).

■ When a third-party petition states a cause of action but is not the proper subject of a third-party petition, the proper ruling is to strike the pleading, not dismissal. *AAA Excavating, Inc. v. Francis Constr., Inc.,* 678 S.W.2d 889, 894 (Mo.App.E.D.1984); *see also* Rule 52.11(a) ("Any party may move to strike the third-party claim."); *State ex rel. Ashcroft v. Gibbar,* 575 S.W.2d 924, 929 (Mo.App. E.D.1978). "Such a ruling is not one upon the intrinsic merits of the pleading." *AAA,* 678 S.W.2d at 894.

Pursuant to Rule 84.14, we clarify the trial court's April 16, 1993 order. The third-party petition is stricken, and the motions to dismiss and for summary judgment are denied. As clarified, the trial court's judgment is affirmed.

CARL R. GAERTNER and AHRENS, JJ., concur.

---

**2.** Rule 52.11(a) is the same as Rule 14(a) of the    Federal Rules of Civil Procedure.