**STATE of Missouri, ex rel. LACLEDE GAS COMPANY, Relator,**

v.

**Honorable Michael F. GODFREY, Judge of the Twenty-Second Judicial Circuit of the State of Missouri, and as such, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

**No. 33845.**

St. Louis Court of Appeals, Missouri.

May 25, 1971.

M. E. Stokes, St. Louis, for relator.

Walter J. Gelber, Clayton, Adolph K. Schwartz, Robert R. Schwarz, Luke, Cunliff, Wilson, Herr, Chavaux & McCluggage, Tom Mendelson, St. Louis, for respondent.

DOWD, Judge.

A third party practice case. In this original prohibition, relator Laclede Gas Company seeks to prevent respondent, as Judge of the Circuit Court of the City of Saint Louis from allegedly exceeding his jurisdiction by entering an order denying the motion of relator to file a third party petition joining as third party defendant the Ace Sales Company (hereinafter Ace). This motion was in the case of Allen Goodwin and Helen Goodwin, plaintiffs v. Laclede Gas Company, Vernon Rusert, Robert Baum and Robert Douglas, d/b/a Weco Company, defendants. Rusert, Baum and Douglas are owners of the building where the injury occurred. The court sustained the motion to intervene filed by Providence Washington Insurance Company, the workmen's compensation insurer of Ace.

In plaintiffs' second amended petition it is alleged that Allen Goodwin, an employee of Ace, was injured in a natural gas fire and explosion in a building occupied by Ace. Plaintiffs allege numerous allegations of negligence against defendant Rusert, d/b/a Weco Company, and Laclede. Included in the allegations of negligence contained in paragraph 7 against Rusert are the following:

"a) In that in constructing, installing and repairing the overhead gas heater on the first floor of defendant's premises, they did such work in a careless, negligent, unsafe, improper, inexperienced and unworkmanlike manner;

\*   \*   \*   \*   \*   \*

"c) In that he permitted, caused and suffered said gas boilers, water heater,

and gas pipes connected thereto and leading into the other floors of said building and overhead heating units within said building to be and remain in a broken, defective, dangerous and unsafe condition;

\*   \*   \*   \*   \*   \*

"e) In that he created said dangerous, defective and unsafe condition of said boilers, water heater and gas pipes connected thereto and leading into other parts of said building and overhanging heating units on the first floor of said building;

\*   \*   \*   \*   \*   \*

"g) In that he hired negligent and inexperienced persons to inspect, repair and service said gas boiler and water heater and gas pipes connected thereto in said basement;

"h) In that he hired negligent and inexperienced persons to repair, replace and install overhanging gas units within said building."

Included in plaintiffs' allegations of negligence contained in paragraph 6 against Laclede are the following:

"c) That it negligently and carelessly failed to maintain, inspect and service said gas meters, pressure regulatros (sic) and the various valves, cocks, fittings, pipes and lines through which the gas flowed and the gas mains and gas lines adjacent to said building;

\*   \*   \*   \*   \*   \*

"f) That it failed to exercise due care and proper care in and about the making of careful, prudent and adequate inspection of the premises, gas meters, pressure regulators, valves, cocks, fittings, pipes, gas mains and gas lines after being notified and having knowledge of said gas leakage, gas odors and gas seepage into said building, in failing to prevent said gas from leaking, escaping, seeping into and accumulating in and

about said building after notice of said gas leakage and seepage; \*   \*   \*."

The defendant Rusert filed a cross-claim against Laclede in which he sought $85,000 damages for loss of the building and indemnity on the theory that if he were liable to plaintiffs, he would "only be secondarily liable" and Laclede "would be primarily liable."

Laclede then filed a motion to join as additional parties defendant Rusert's co-owners of the building, Baum and Douglas. Also filed at that time was Laclede's cross-claim against Rusert and the proposed additional defendants Baum and Douglas, seeking indemnity from them. This cross-claim was based on the theory that if Laclede were liable to plaintiffs, the building-owner defendants (Rusert, Baum and Douglas) were obligated to indemnify Laclede for such liability because any negligence on the part of the building-owner defendants would be primary or active negligence whereas any negligence on the part of Laclede would be secondary or passive. This cross-claim was also based on the additional theory that the building-owner defendants had agreed with Laclede to keep their gas facilities within the building (those not belonging to Laclede) in safe operating condition. The court sustained Laclede's motion to add Baum and Douglas as additional parties defendant on the cross-claim of Laclede seeking indemnity from the building owners.

At the time that Laclede filed its cross-claim against the building-owner defendants, it filed a motion for leave to file a third party petition adding as a third party defendant Ace which occupied the premises damaged by the fire. This third party petition was also based on the theory that if Laclede were liable to plaintiffs, Ace was obligated to indemnify Laclede for such liability because any negligence on the part of Ace would be active and primary negligence whereas any negligence of Laclede would be passive or secondary. The third party petition was also based on the theory

that as a condition to initiating and continuing gas services to the premises, the proposed third party defendant agreed to maintain its facilities in safe operating condition. The court announced its intention to deny Laclede's motion for leave to file this third party petition. The court did not state the reason for its prospective denial of relator's application for leave to file its third party petition. We issued the preliminary writ.

The authority for instituting a third party action is found in Civil Rule 52.10, V. A.M.R. This rule provides defendant may after his answer has been filed, upon notice to plaintiff, apply to the court " * * * for leave as a third-party plaintiff to serve a summons and petition upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *" Rule 14 of the Federal Rules of Civil Procedure is substantially the same as Civil Rule 52.10.

■ One of the tests of the propriety of a third party impleader is whether there is a right of indemnification present. Hipp v. Kansas City Public Service Co., Mo. App., 237 S.W.2d 928, 931[4].

■ To determine whether a case for indemnity exists we look to the allegations of the plaintiffs' second amended petition and the third party petition. If from those allegations some possibility of liability over appears, the third party petition should be permitted. State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 502[1]. "The area in which a party held liable for negligence may secure indemnity from another party also negligent is closely circumscribed. It embraces a group of special situations and relationships where it has seemed reasonable and desirable to impose the ultimate responsibility on the person found to have played the active or primary role in the negligent situation in favor of one also held liable, but whose part in the event is passive or secondary. In such situations the parties are said not to be in pari delicto." State ex rel. Siegel v. McLaughlin, supra, [2].[1]

---

1. This court in a scholarly opinion by Judge Anderson in State ex rel. Siegel v. McLaughlin, Mo.App., 315 S.W.2d 499, 502 summarized a number of Missouri cases in which a party held liable for passive or secondary negligence secured indemnity from the active wrongdoer as follows: " * * * where a landlord is held liable by reason of the dangerous condition of his premises he may recover indemnity from the person who actually created the dangerous condition. Barb v. Farmers Insurance Exchange, Mo.Sup., 281 S.W.2d 297. A city held liable by reason of the dangerous condition of a sidewalk may recover from an adjacent property owner whose negligence created the hazardous condition. City of Springfield v. Clement, 205 Mo.App. 114, 225 S.W. 120. A principal who without personal fault is held liable for the acts of his agent may recover indemnity from said agent. State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481. One admittedly liable for injuries to a servant due to a defect in a scaffold of which defect he is ignorant may recover indemnity from the manufacturer of the scaffold for the amount paid in settlement. Busch & Latta Paint Co. v. Woermann Construction Co., 310 Mo. 419, 276 S.W. 614. Where a party wall is rendered dangerous by a fire and collapses, injuring persons, the municipality, after being held liable for failure to abate the nuisance, has an action over against the owners. Swentzel v. Holmes, dictum, Mo.Sup., 175 S.W. 871, L.R.A.1915E, 926. A telephone company which sets poles in the highway was held liable to the city for any damage it might be compelled to pay a party injured by reason of a defect in the street caused by the negligence of the telephone company. Kinloch Telephone Co. v. City of St. Louis, 268 Mo. 485, 188 S.W. 182. Where a railroad company constructs its tracks across a city street and fails to keep the crossing in repair, and the city is held liable for injuries resulting therefrom, the city may recover from the railroad. City of Independence v. Missouri Pacific Ry. Co., 86 Mo.App. 585. Where a judgment was recovered against a city by one whose horse was injured by an unguarded opening in a street, the city was held to have a cause of action against a contractor for his wrongful neglect to guard the openings as required by ordi-

698

■ The basis for indemnification is dependent on the character of the negligence rather than the difference in the degrees of the negligence. Crouch v. Tourtelot, Mo., 350 S.W.2d 799. Our Supreme Court in Barb v. Farmers Insurance Exchange, Mo., 281 S.W.2d 297, 304, stated: "It is the general rule, where one person has been exposed to liability and compelled to pay damages on account of the negligence of another, the first has a right of action against the other for indemnity where the parties are not *in pari delicto.*" (Emphasis theirs). Said another way, the principle of indemnification applies where one party creates the condition which causes injury and the other does not join therein but is exposed to liability on account of it. The negligence of the party responsible for the dangerous condition is active and primary while the negligence of the other is passive and secondary. Kansas City Southern Ry. Co. v. Payway Feed Mills, Inc., Mo., 338 S.W.2d 1, 5.

Likewise, in Woods v. Juvenile Shoe Corporation of America, Mo., 361 S.W.2d 694, a retailer was permitted to file a cross-claim for indemnity against a manufacturer of a pair of shoes on the theory that the manufacturer was guilty of active negligence in creating a dangerous condition; (i. e., making a pair of shoes with a tack protruding into the inside of the shoe) and the retailer was only passively negligent in failing to discover and correct this condition.

It is evident that plaintiffs' second amended petition contains allegations of active negligence on the part of Rusert and passive negligence on the part of Laclede. In paragraph 7(e) of this petition Rusert is specifically charged with creating the dangerous condition which is an allegation of active negligence. The other allegations [7(a), (c), (g), and (h)] set out in the opinion are also charges of active negligence against Rusert. The allegations of passive negligence against Laclede are set out in paragraphs 6(c) and (f). In substance, these allegations charged Laclede with the failure to inspect and discover the condition and the failure to correct the condition. Also, Laclede's third party petition contains a charge of active negligence against Ace. On the proof of such allegations Laclede would be entitled to indemnification from the tort feasor who created the dangerous condition.

■ The purpose of third party practice is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another. State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127, 129; Crompton-Richmond Co., Inc., Factors v. United States, D.C., 273 F.Supp. 219, 200; 3 Moore, Federal Practice, ¶ 14.04, 2d ed.

Again the court in Hipp v. Kansas City Public Service Co., supra, stated at 237 S.W.2d 1. c. 931: "The court's jurisdiction to summon a third party defendant does not depend on plaintiff's wishes in the matter but on defendant's, providing that he bring himself within the provisions of the statute."

■ While it is true that the trial court has discretion with respect to permitting a third party petition, this discretion is not unlimited and must be exercised on sound legal principles. Here the defendant Laclede has brought itself within the provisions of Rule 52.10. As said, the trial

nance. City of Columbia v. Malo, Mo. App., 217 S.W. 625. A city held liable in damages because of an injury caused by a defective grating in a sidewalk maintained by an abutting property owner may recover against such owner. Kilroy v.

City of St. Louis, 242 Mo. 79, 145 S.W. 769." The right of indemnification was also discussed in McDonnell Aircraft Corp. v. Hartman-Hanks-Walsh Painting Co., Mo., 323 S.W.2d 788 [6].

court did not state in its order the reason for its prospective denial of relator's motion to file its third party petition. There is no showing here that the rights of others will be prejudiced by the third party petition; nor has any meritorious ground for the denial of the motion been shown.

■ The third party petition has injected no new issue into the trial. Plaintiffs' petition has allegations of active and passive negligence against Laclede and the building-owner defendants. Laclede and Rusert both have cross-claims against each other each seeking indemnity from the other on the theory that the evidence ultimately will show that one party was guilty of primary or active negligence whereas the other party was guilty, if at all, of passive or secondary negligence. At the same trial Laclede would also have an opportunity to prove its allegations pleaded in the third party petition that Ace was guilty of active negligence and Laclede's negligence, if any, was passive. We believe the court would exceed its jurisdiction by denying this third party petition.

■ Respondent contends that under the Workmen's Compensation Law the employee's remedies under the Act are exclusive and that he cannot maintain a common law action against his employer which would be the legal effect if his employer (Ace) is joined here. This same contention was rejected in McDonnell Aircraft Corporation v. Hartman-Hanks-Walsh Painting Co., Mo., 323 S.W.2d 788. In that case an employee of Hartman-Hanks-Walsh Painting Co. (hereinafter Hartman) sued McDonnell Aircraft Corporation (hereinafter McDonnell) for personal injuries sustained when he contacted an exposed electric wire while painting McDonnell's plant. McDonnell then joined Hartman under a third party petition asking for indemnity from Hartman. McDonnell's third party petition alleged that Hartman had agreed in a contract with McDonnell to warn Hartman's employees as to the existence and location of exposed electric lines and to take all necessary precautions for the safety of its employees and that Hartman failed in its duty in this regard. This is analogous to the allegation in Laclede's third party petition that Ace agreed to maintain its facilities in a safe operating condition. The employee had received workmen's compensation from Hartman. The issues between the employee and McDonnell were severed and tried separately which resulted in a judgment against McDonnell. McDonnell settled the judgment. McDonnell was then permitted to proceed against Hartman for indemnity based upon the breach of an express agreement by Hartman to perform the duty to McDonnell to warn and protect Hartman's employees.

■ Respondent then contends that Laclede is not permitted to implead Ace because Ace has been adjudicated bankrupt. No case is cited to support this contention. There is no allegation that the third party claim of Laclede against Ace is scheduled as an obligation of Ace in the bankruptcy proceedings. Respondent then argues that the United States District Court in the bankruptcy proceedings in an order of December 18, 1969 restrained "all other persons or corporations" from bringing an action against Ace. We have examined this order. It does not restrain anyone from bringing an action against Ace. It enjoined Providence Washington Insurance Company from paying over any money to any person (except the Receiver or trustee in bankruptcy) because of the fire suffered by Ace. It further enjoined "all other persons or corporations" from bringing any garnishments, attachments, executions, or levies against any funds held by Providence Washington Insurance Company by reason of the fire loss. This order does indicate that Providence Washington Insurance Company is the insurance carrier for Ace. Under these facts and in the absence of any restraining order, we do not believe that Ace's adjudication in bankruptcy prevents this third party action.

On August 25, 1970, the plaintiffs filed a motion to quash the preliminary writ on the ground that since the issuance of the preliminary writ the plaintiffs have filed a third amended petition which changed the allegations of negligence as to Laclede and as to the building-owner defendants and that the issue here is now moot. The petition for the writ was filed on April 28, 1970. Our preliminary writ was issued on May 29, 1970 based on plaintiffs' second amended petition and both relator and respondent argued and briefed this case based on the allegations of negligence contained in plaintiffs' second amended petition. The determination of whether respondent exceeded his jurisdiction must be based on the record before him at the time of his announced intention to deny the motion which was April 10, 1970. We do not believe the issue has been made moot by the third amended petition.

This motion is denied and the preliminary writ is made absolute.

BRADY, P. J., and WOLFE, J., concur.