STATE ex rel. Barbara RETHERFORD, and Elizabeth Nenninger, Relators,

v.

The Honorable James S. CORCORAN, Judge of the Circuit Court of the City of St. Louis, State of Missouri, Respondent.

No. 45977.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 16, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Kortenhof & Ely, K. Steven Jones, St. Louis, for relators.

Lucas & Murphy, Fritz G. Faerber, Paul B. Lee, St. Louis, for respondent.

SMITH, Judge.

█ Relators sought our writ of prohibition to command respondent to enter his order dismissing the third-party petition filed against them by Lane Service Company on the basis that that petition failed to state a valid third-party claim against relators.[1] We issued our preliminary order which we now make permanent.

Plaintiff in the underlying litigation, Julie Greathouse, filed her petition in three counts in the City of St. Louis seeking damages for injuries she sustained in three separate automobile accidents. *See Hager v. McGlynn,* 518 S.W.2d 173 (Mo.App.1974). Count I was against relator Nenninger for injuries from an accident on May 25, 1977, occurring in St. Louis County. Count II was against Lane Service Company for injuries from an accident occurring on June 25, 1977, in St. Charles County. That count alleged that the injuries sustained included aggravation to those parts of the body previously injured in the May 25 accident "which said aggravation and reinjuries cannot be causily [sic] separated between the two accidents." Count III was against Peggy Brostoski for injuries sustained in an accident on October 25, 1978, in St. Charles County. The same basic allegation of difficulty of causal separation of the degree of injuries between the three accidents was made.

Upon motion of defendant Nenninger, Count I was severed and transferred to St. Louis County because of improper venue pursuant to *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo. banc 1979).

---

1. The relief set forth is that stated in the prayer. Such relief is more appropriately the subject of mandamus. However, the application for writ alleges facts which would support a writ prohibiting respondent from exercising further jurisdiction over relators which is a proper subject for prohibition. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62 (1956) [14–17]; *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141 (Mo.App.1974). The character of the cause of action is determined by the facts of the pleading not by the prayer. *State ex rel. Conaway Consolidated Sch. Dist. No. 4 of Iron County,* 417 S.W.2d 657 (Mo. banc 1967) [3]. We treat the pleading as one for prohibition.

Greathouse then filed her amended petition consisting of two counts. Count I was against Lane Service Company for the June 25 accident and Count II was against Brostoski, and an added defendant Retherford, for the October 25 accident. Retherford's motion to dismiss for improper venue was sustained upon the same ground as Nenninger's prior motion. Lane Service Company then filed its third-party petition against Nenninger and Retherford on the basis that if Lane Service was found liable it was entitled to apportionment of fault against those defendants or for indemnity. Following the trial court's order indicating its intention to overrule Nenninger's and Retherford's motions to dismiss the third-party petition in 10 days if no extraordinary writ was sought, this application for writ was filed.

Although respondent challenges the use of prohibition to attack his order, that writ has been recognized as a means to control third-party practice. *State ex rel. Tarrasch v. Crow,* 622 S.W.2d 928 (Mo. banc 1981); *State ex rel. Baldwin v. Gaertner,* 613 S.W.2d 638 (Mo. banc 1981); *State ex rel. Laclede Gas Company v. Godfrey,* 468 S.W.2d 693 (Mo.App.1971).

■ *Missouri Pacific Railroad Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo. banc 1978) established that a concurrent or joint tortfeasor may be proceeded against by third-party petition or cross-claim of a defendant for determination of their respective degree of fault for the plaintiff's injuries and for apportionment of damages and contribution as a result of such fault. The basis for such third-party action is a common legal liability. For such third-party joinder to be proper it is necessary that the damages to plaintiff result from the common liability in whole or in part of the defendant and the third-party defendant. This requirement is clearly established by the cases of *State ex rel. Baldwin v. Gaertner, supra,* and *State ex rel.*

*Tarrasch v. Crow, supra,* which present opposite sides of the same factual situation.

In *Baldwin* a doctor who treated plaintiff after an accident was sued for malpractice and attempted to implead the original tortfeasor for contribution. This attempt was rejected because the doctor had no legal liability for the original injury and plaintiff could recover no damages against the doctor for the original accident, only for the subsequent malpractice. In *Tarrasch,* the original tortfeasor impleaded an allegedly negligent doctor for contribution for the additional damages caused to plaintiff by the doctor's malpractice in treating plaintiff for the injuries sustained in the original accident. There impleader was proper because the original tortfeasor was liable as a matter of law for the injuries sustained by plaintiff both in the original accident and as a result of the foreseeable negligence of the doctor in treating plaintiff for that accident. In both cases the test was the legal liability of the original defendant for the injuries sustained by the plaintiff as a result of the common liability in whole or in part of the tortfeasors.[2] The same test applies here.

■ Here there are three separate accidents widely disparate in time and place. It is the burden of Ms. Greathouse to establish as to each defendant the injuries which she sustained in the accident involving that defendant. *Brantley v. Couch,* 383 S.W.2d 307 (Mo.App.1964) l.c. 310. Those damages may include aggravation of pre-existing injuries, *Schide v. Gottschick,* 329 Mo. 64, 43 S.W.2d 777 (1931) [8, 9], which may create proof problems in differentiating the severity of injuries attributable to each accident. But difficulty of proof does not create joint liability for these independent and unrelated torts. Each defendant has liability for, and only liability for, the injuries sustained by plaintiff as a result of that defendant's accident. Lane Service Company cannot be held liable for injuries incurred in the Nen-

---

2. The Court in *Tarrasch* noted that the original defendant's right to indemnity did not arise from *Missouri Pacific R. Co. v. Whitehead & Kales Co., supra,* but from common law predat-

ing that decision. Regardless of the source, the right exists because of common liability in whole or in part.

ninger or the Retherford accident nor can those defendants be held liable for injuries sustained in the Lane Service accident. There is no common liability among the defendants and no right of contribution therefore exists.

Respondent seeks to invoke the "single indivisible result" rule applied in *Glick v. Ballentine Produce Inc.,* 396 S.W.2d 609 (Mo.1965) [3–6] appeal dismissed, 385 U.S. 5, 87 S.Ct. 44, 17 L.Ed.2d 5 (1966); and *Brantley v. Couch, supra,* [1, 2]. That doctrine applies to accidents which occur in such close proximity in time and place that it is impossible to identify with any definiteness the injury sustained in each accident and plaintiff is therefore allowed to recover against the defendants jointly and severally the full amount of damages. The defendants are treated as concurrent tortfeasors despite the fact their negligence is successive. *Brantley, supra,* which involved a chain collision is an example. Here the accidents were widely separated in time and place. In *Barlow v. Thornhill,* 537 S.W.2d 412 (Mo. banc 1976) [4], the court stated that no arbitrary time limit could be promulgated as a "cut-off" point for application of the indivisible injury rule, and that each case must be judged on its own circumstances. There the time was fifteen minutes. "The gist of the rule with respect to injuries is not so much the time separating the collisions as it is the impossibility of definitely attributing a specific injury to each collision." *Barlow v. Thornhill, supra.* Greathouse alleged that each collision caused specific injury which included aggravation and reinjury of the prior injury. She did not allege that the collisions combined to cause a single injury. Having in mind the purpose and limited applicability of the indivisible injury rule, we cannot find the requisite impossibility of attributing a *specific injury* to each collision. The difficulty facing the parties in this case is not in establishing what injury was sustained in each accident, but the severity of each injury attributable to each accident.

Preliminary writ is made permanent and respondent is directed to sustain the mo-

tions of Relators to dismiss the third-party petition of Lane Service Company.

PUDLOWSKI, P.J., and KELLY, J., concur.