STATE of Missouri ex rel. PEAVEY COMPANY, a corp., Relator,

v.

The Honorable James S. CORCORAN, Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 51616.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 19, 1986.

Daryl F. Sohn, Derald L. Gab, Goldstein & Price, St. Louis, for relator.

Edward L. Dowd, Jr., Dowd & Dowd, P.C., St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Relator, Peavey Company, seeks a writ of mandamus ordering the respondent judge to grant its motion for leave to file a third party petition. We issued a preliminary order and we now quash that order.

The underlying action is a suit for damages for personal injuries sustained by plaintiff Earl C. Leeper, a seaman employed by Peavey Company, while operating an allegedly unsafe winch on a barge. Peavey filed a motion for leave of court to file a third party petition against Beebe International, Inc., the manufacturer and seller of the winch. Upon denial of this motion, Peavey filed this petition for a writ of mandamus.

Rule 52.11(a) provides:

At any time after the commencement of the action a defending party, as a third party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third party plaintiff need not obtain leave to make the service if he files the third party petition not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.

Peavey did not file its third party petition within 10 days after its answer. The chronology of the proceedings in the underlying case is important. Plaintiff's petition was filed on July 21, 1985, and Peavey's answer on August 21, 1985. In February, 1986, Peavey advised plaintiff's attorney of its intention to implead Beebe International and requested that plaintiff consent to the filing of the third party petition. A copy of the proposed third party petition was sent to plaintiff's attorney for his consideration. After some communication, and apparently some lack of communication, as represented by unreturned phone calls, plaintiff's attorney refused to consent, advising Peavey's attorney that he would oppose any motion seeking leave of court to file the

third party petition. Such a motion was filed on April 4, 1986. The case was listed as number 110 on the trial docket for the week of April 7, 1986, but was not assigned to a trial division that week. On April 18, 1986, Peavey's motion was heard and overruled. The respondent judge stated no reason for this ruling in his order overruling the motion. On April 25, 1986, Peavey filed a motion seeking reconsideration which the respondent judge refused to entertain, again stating no reason for this action in his order. At that time the underlying case had been listed as number 109 on the trial docket of June 23, 1986. On May 21, 1986, the court granted leave to plaintiff to file an amended petition alleging for the first time that Peavey was guilty of willful and wanton misconduct entitling plaintiff to punitive damages. On May 23, 1986, we issued our preliminary order in mandamus.

Under Rule 52.11(a) after the passage of 10 days following the filing of a defendant's answer, leave of court must be obtained by motion with notice to all parties for the filing of a third party petition. This requirement indicates that the filing of a third party petition after the 10 day period is not a matter of right. Rather, appeal must be made to the discretion of the trial court. *State ex rel. Green v. Kimberlin,* 517 S.W.2d 124, 126 (Mo. banc 1974). Ordinarily, mandamus is inappropriate as a means of controlling or directing how this discretion shall be exercised. *State ex rel. Kugler v. Tillatson,* 312 S.W.2d 753, 757 (Mo. banc 1958). Nevertheless, mandamus will lie where the discretion has been exercised arbitrarily or capriciously or in bad faith. *Id.* at 758. Mandamus is a proper remedy to rectify a clear abuse of discretion by an inferior tribunal where that discretionary power is exercised with manifest injustice. *State ex rel. Diner's Financial Corporation v. Swink,* 434 S.W.2d 593, 597 (Mo.App.1968). We examine the facts and circumstances of this case in light of these principles.

In its petition for writ of mandamus, Peavey incorporated respondent's orders overruling its motion for leave to file the third party petition and refusing to entertain its motion for reconsideration. In neither of these orders did respondent give any reason for his ruling. *In State ex rel. Laclede Gas Company v. Godfrey,* 468 S.W.2d 693 (Mo.App.1971), this court concluded that the denial of leave to file a third party petition seeking indemnification was an abuse of discretion where the trial court did not state in its order a reason for its denial of the motion, "nor has any meritorious ground for the denial of the motion been shown." *Id.* at 699. Writing for the court, Judge Dowd noted "[t]he purpose of third party practice is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another." *Id.* at 698. Balancing this salutary goal against the absence of any stated or suggested counterbalancing reason for denial of the motion, this court prohibited the trial court from entering the order of denial.

From the face of Peavey's petition for a writ of mandamus it would appear that this case is analogous to *Godfrey,* but there is one important difference. In their briefs and oral arguments both parties assumed that the unrecorded reasons of respondent for the denial of the motion and the refusal to reconsider were the eight month delay after service before the motion was filed and possible future delay in the trial of the underlying case. Before us the parties vehemently dispute the propriety and validity of these reasons.

The teaching of *Godfrey* is that an appellate court will intervene by extraordinary writ where the action of the trial court results in a subversion of the desirable purpose of a procedural rule for no discernible reason. In effect, the opinion in *Godfrey* holds that such action without reason or suggested purpose is so arbitrary and capricious as to be tantamount to no exercise of discretion at all.

Here, however, because the parties agree that respondent did have reasons for his action, although not expressed in his orders, we are not confronted with arbitrary and capricious action. Rather, we are being asked to express our judgment on the sufficiency of those reasons as support for the decision rendered. Mandamus is not available to direct a trial court as to how it should exercise its discretion. *Yeager v. Yaeger*, 622 S.W.2d 339, 341 (Mo.App.1981). An appellate court may intervene through mandamus only to remedy a clear abuse of discretion. *State ex rel. Brooks Erection and Construction Company v. Gaertner*, 639 S.W.2d 848, 850 (Mo.App.1982).

Rather than *Godfrey*, the circumstances of this case are more akin to those of *State ex rel. Gamble Construction Company v. Enright*, 556 S.W.2d 726 (Mo.App.1977). There the denial of leave to file a third party petition on the basis of its being untimely was upheld. In *Enright*, the motion for leave to file the third party petition was 6 months after the commencement of the action and one month prior to the date the case was set for trial. Noting that discretionary rulings of a trial judge may be disturbed by an appellate court only when there is "no sound basis for the ruling" and that they must be upheld when based upon "any reasonable ground," *Id.* at 728, we ruled that delay was a valid reason for the denial of the motion. It was evident from the record in *Enright* that the trial court had balanced the avoidance of duplicated time, effort and expense against the consequences of delay. Accordingly, because he had undertaken to exercise discretion, we refused to disturb his ruling.

■ Similarly, in the instant case, the argument of counsel makes it clear that respondent did consider the advantages to be obtained by avoiding a second trial on the indemnity claim but found them to be outweighed by the disadvantages of delaying the possible recovery of an injured and disabled plaintiff. Whether we would have reached the same conclusion or not is irrelevant. It is not our function in considering a writ of mandamus to substitute our judgment for that of the trial court. Respondent did perform his duty to exercise discretion and, under the facts of this case, we find no abuse of discretion warranting appellate interference.

■ We refuse to accept relator's suggestion that we take judicial notice that a case appearing as number 109 on a trial calendar "could not reasonably be expected to reach trial for at least 6 months." Our observation of the speed at which cases progress to trial in the Circuit Court of the City of St. Louis reveals more variation than certitude. The multitude of factors affecting the movement of a case on the trial docket renders the subject ill-fit for judicial notice.

Nor do we accept relator's suggestion that granting plaintiff leave to file an amended petition adding a punitive damages count after denying defendant leave to file the third party petition shows the latter ruling to have been made in bad faith. Any delay required for an existing party to prepare to defend against an allegation of willful and wanton conduct rather than negligence is not comparable to the delay involved for a stranger to the action, probably without notice of the injury, to prepare a defense regarding a product manufactured and sold years before. These considerations are sufficient to dispel any appearances of favoritism, and therefore bad faith, which may at first blush seem to arise from the disparate rulings.

Accordingly, our preliminary writ in mandamus is quashed.

SNYDER, P.J., and KAROHL, J., concur.