STATE of Missouri ex rel., METROPOLITAN TRANSPORTATION SERVICES, INC., d/b/a Yellow Cab Company, A Missouri Corporation, Relator,

v.

The Honorable Robert A. MEYERS, Division 14, Jackson County Circuit Court, 415 East 12th Street, Kansas City, Missouri 64106, Respondent.

No. WD 43375.

Missouri Court of Appeals, Western District.

Dec. 11, 1990.

William T. Bernard, Kansas City, for relator.

Mark R. Schmid, Kansas City, for respondent.

Before ULRICH, P.J., and SHANGLER and MANFORD, JJ.

PER CURIAM:

This original proceeding in mandamus presents the question of whether a circuit judge can reject a defendant's proposed examining physician without expressing a legal reason when the judge has determined pursuant to Supreme Court Rule 60.01(a) that the plaintiff's physical condition is in controversy and physical examination of the plaintiff is appropriate.

Relator filed its application for a writ of mandamus to compel respondent to vacate his order denying relator's motion filed pursuant to Supreme Court Rule 60.01(a) to require plaintiff to submit to a physical examination by Dr. Joseph Lichtor. This court issued its preliminary writ in mandamus alternatively permitting respondent to withdraw his order. Respondent's order was not withdrawn. The preliminary writ is made permanent for reasons discussed.

Dale Douthat sued the Yellow Cab Company, Relator, et al., for injuries he claims to have received as a result of defendant's negligence. During discovery, the relator requested that Mr. Douthat submit to a physical examination by Joseph Lichtor, M.D. Mr. Douthat refused, proposing instead that Dr. Roger Hood, Mr. Douthat's treating physician, perform the examination. The relator rejected plaintiff's proposal and filed its motion for an order to compel plaintiff's examination pursuant to Supreme Court Rule 60.01(a), requesting the court to order plaintiff to submit to Dr. Lichtor's medical examination. The court overruled relator's motion. The court's order stated:

> Defendant Metropolitan Transportation Services, Inc.'s Motion For Order Of medical Examination filed January 30, 1990 is hereby overruled. The Court would sustain a motion for medical examination by any other physician.

Although not a part of the record, both parties to this proceeding acknowledge a conversation in chambers involving the litigants' attorneys and Judge Meyers. Judge Meyers' statement during the conversation that "I see red every time Dr. Lichtor enters the courtroom" helps to explain the presence of the final sentence in his order. Judge Meyers made no other explanation.

Dale Douthat placed his physical condition at issue when he filed suit for personal injuries, thereby waiving the statutory physician-patient privilege. *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601 (Mo. banc 1968). Judge Meyers' order states that the court will sustain defendant's motion and compel the plaintiff to submit to a physical examination by "any other physician" than Dr. Lichtor. Judge Meyers' order implies that the plaintiff has waived the physician-patient privilege, that the court has determined plaintiff's physical examination appropriate, that "good cause" has been shown to compel plaintiff's examination, and that defendant's motion to compel should be granted. Rule 60.01(a).

**476**

While customarily the moving party suggests the name of an examining physician, selection of the physician for a Rule 60.01(a) examination is a matter for the trial court's determination. *State ex rel. McCloud v. Seier*, 567 S.W.2d 127, 129 (Mo. banc 1978). The trial court is vested with wide discretion in administering the rules of discovery, and the exercise of the trial court's discretion will not be disturbed by a reviewing court unless exercised unjustly. *Great Western Trading Co. v. Mercantile Trust Co. Nat'l Ass'n*, 661 S.W.2d 40, 43 (Mo.App.1983). Ordinarily, mandamus is inappropriate as a means of controlling or directing how the trial court's discretion shall be exercised. *State ex rel. Peavey Co. v. Corcoran*, 714 S.W.2d 943, 945 (Mo.App.1986). Mandamus will lie, however, where the trial court's discretion has been exercised arbitrarily or capriciously or in bad faith. *Id.* A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo. banc 1988). Reversal by an appellate court requires a finding that the trial court abused its discretion. *Id.*

The respondent denied defendant's request that Dr. Lichtor examine plaintiff without stating any reason after determining that an examination by a physician was appropriate. The court's decision not to permit Dr. Lichtor to conduct the examination and to permit the examination by any other qualified physician may be based in bias or sound logic. This court has no way of knowing which. Absent a stated legal reason, the trial court's decision appears arbitrary and capricious, indicates a lack of careful consideration, and is unreasonable. Accordingly, the preliminary writ in mandamus is made absolute, and respondent is ordered to withdraw his order of April 6, 1990, denying defendant's request that the court order examination of the plaintiff by Dr. Joseph Lichtor and to enter an order granting the requested medical examination.