FOUR SEASONS RACQUET AND COUNTRY CLUB PROPERTY OWNERS ASSOCIATION, Plaintiff–Respondent,

v.

Allan E. ABRAMS and Sandra L. Abrams, Defendants–Appellants.

No. 18192.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 3, 1993.

Allan E. Abrams, pro se.

Charles E. McElyea, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for plaintiff-respondent.

MONTGOMERY, Presiding Judge.

Plaintiff, a not-for-profit property owners association, commenced an action against Defendants for unpaid property assessments. Defendants own a fractional interest in a condominium unit in a resort development at Lake of the Ozarks. After a bench trial, judgment was entered in favor of Plaintiff in the total amount of $13,432.08. Defendants filed a timely notice of appeal.

Defendants' sole point on appeal recites:

The trial court abused its judicial discretion and thus erred when it refused to allow Appellants to file an untimely third-party petition against prospective third-party defendant Four Seasons, despite Appellant's allegations that Four Seasons had agreed to indemnify them

for any liability for accrued property owners assessments owed to the Property Owners Association.

A brief procedural background of this point follows. The suit was filed April 4, 1990. On March 9, 1992, Defendants filed a motion under Rule 52.11(a)[1] requesting leave of court to file a third-party petition against Four Seasons Lakesites/Chase Resorts, Inc. Essentially, the third-party petition alleged the latter agreed to cause the "waiver" of Defendants' property owner assessments claimed by Plaintiff. On the day of trial, March 25, 1992, Defendants' motion was denied and the case proceeded to trial.

■ Although not raised by the parties, we must first determine the jurisdiction of this Court over Defendants' appeal. The right to appeal and whether a party is aggrieved within the meaning of § 512.020 is jurisdictional and may be raised by the appellate court, *sua sponte*. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo. App.1990).

■ Appeals are creatures of statutes and without underlying statutory authority, no right to appeal exists. *Nadler v. Continental Ins. Co.*, 511 S.W.2d 446 (Mo. App.1974). The basic statute which grants Defendant the right to appeal is § 512.020, which provides in pertinent part:

Any party to a suit aggrieved by any judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or

decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.

■ The order here from which Defendants appeal does not fall within any of the categories enumerated in the statute. The only final judgment in this case is a money judgment favorable to Plaintiff. Defendants are apparently unaggrieved by that judgment since they raise no objections concerning it.

As used in § 512.020, " 'aggrieved' means 'suffering from an infringement or denial of legal rights.' *Farrell v. DeClue*, 382 S.W.2d 462, 466 (Mo.App.1964) (quoting from Webster's Third New International Dictionary)." *Lafferty*, 788 S.W.2d at 361. We cannot say Defendants suffered from any infringement or denial of their legal rights resulting from a judgment about which no error is claimed.

■ We are aware that an order refusing to allow a defendant to bring in a third-party defendant is not a final appealable order as held in *Nadler*, 511 S.W.2d at 447. However, in that case, the Defendant appealed from the order before a final judgment was entered.[2] Unlike that case, the instant Defendants appeal from the order after a final judgment favorable to Plaintiff. Our research reveals no Missouri cases deciding the same procedural situation which confronts us.

■ Certainly, "a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed *on an appeal taken from the final judgment in the case.*" § 512.020 (emphasis added). A final judgment is one that disposes of all parties and all issues in the case and leaves nothing for further determination. *Cameron Mut.*

---

**1.** Rule references are to Missouri Rules of Court (1993), and statutory references are to RSMo 1986, unless otherwise indicated.

**2.** Generally, review of an order denying a request to bring in a third-party defendant arises when a defendant seeks a writ of mandamus or

prohibition. *See State ex rel. Peavey Co. v. Corcoran*, 714 S.W.2d 943 (Mo.App.1986); *State ex rel. Gamble Constr. Co. v. Enright*, 556 S.W.2d 726 (Mo.App.1977); *State ex rel. Laclede Gas Co. v. Godfrey*, 468 S.W.2d 693 (Mo.App.1971).

*Ins. Co. v. McMinn*, 820 S.W.2d 85, 86 (Mo.App.1991). The only judgment in this case which meets that criteria is one from which Defendants do not appeal. Therefore, Defendants' appeal does not fall within the quoted provision of § 512.020.

Nothing in the record suggests Defendants cannot presently commence an action against the third-party defendant nor that Defendants could not have done so in March 1992. Even if we granted Defendants' request to reverse the trial court's order, the purpose of Rule 52.11 would not be served. "The purpose of third party practice is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence to obtain consistent results from identical or similar evidence and to accomplish ultimate justice for all concerned with economy of litigation and without prejudice to the rights of another." *State ex rel. Laclede Gas Co. v. Godfrey*, 468 S.W.2d 693, 698 (Mo.App.1971).

We conclude that Defendants' appeal must be dismissed for lack of appellate jurisdiction. Defendants have failed to show they are aggrieved parties by a final judgment in this case.

The appeal is dismissed.

PREWITT and GARRISON, JJ., concur.