**STATE of Missouri ex rel. Molly SOETE, Relator,**

v.

**The Honorable Kenneth M. WEINSTOCK, Judge of the Missouri Circuit Court, 21st Judicial Circuit, St. Louis County, Missouri, Respondent.**

No. 68882.

Missouri Court of Appeals, Eastern District, Division Seven.

Feb. 20, 1996.

Sam P. Rynearson, Adrian P. Sulser, Susan M. Moore, Jerome F. Raskas, Robert Susman, St. Louis, for appellant.

James E. Hullverson, Jr., St. Louis, for respondent.

## ORIGINAL PROCEEDING
## IN PROHIBITION

DOWD, Presiding Judge.

Relator Molly Soete requested and received our preliminary writ of prohibition [1] preventing the respondent judge from allowing a deposition subpoena duces tecum to stand. We granted the preliminary writ because of the exceptional nature of the discovery sought here for the purpose of gathering impeachment evidence.[2] We now make the writ absolute.

In the underlying action, plaintiffs Kevin Kae and Dennis Benda filed suit against defendant Molly Soete for injuries suffered by Ms. Benda in a horse riding accident. Relator elected Dr. Walter Lemann to examine plaintiff. Plaintiff agreed to the examination. Subsequently, at the request of plaintiffs, the circuit clerk issued a "SUBPOENA DUCES TECUM On Deposition" ordering the deposition of Dr. Lemann (acting individually and as records custodian of Physician's Neurology Consultants, Inc.). The subpoena commanded Dr. Lemann to bring 1) all corporate and personal income tax records and "any other tax documentation you have from 1992 through the present reflecting income received for expert consultant or witness services and any and all forensic examinations"; 2) all appointment calendars and office logs from 1992 through the present; 3) all records of any work with fourteen law firms; 4) any requests for payment to defendant's law firm for the medical examination; and 5) any copies of payments made by defendant's law firm to Dr. Lemann for services rendered in plaintiff's case.

■ Rule 57.09 authorizes a subpoena to command the production of "books, papers,

1. Although relator has styled her petition as a writ of prohibition in form, we note the relief sought sounds more in the nature of mandamus. *See St. Louis Little Rock Hospital Inc. v. Gaertner,* 682 S.W.2d 146, 148 (Mo.App.1984).

2. *See, e.g., State ex rel. Lichtor v. Clark,* 845 S.W.2d 55, 64 (Mo.App.W.D.1992) ("The discovery in this case is exceptional and ... [t]rial courts must keep in mind that excessive use of this procedure would discourage capable, objective professionals from being willing to undertake serving as expert witnesses.").

documents, or tangible things designated therein" but the court may, upon timely motion, "1) quash or modify the subpoena if it is unreasonable or oppressive or 2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing" such things. Dr. Lemann filed a motion to quash the subpoena and a motion for a protective order. The trial court denied both motions without making any specific findings upon the record. Relator filed a petition for a writ of prohibition in this court; Dr. Lemann filed suggestions in support thereof.

■ Prohibition is a proper remedy when a trial court abuses its discretion in a discovery order to the extent that its act exceeds its jurisdiction. *State ex rel. Whitacre v. Ladd,* 701 S.W.2d 796, 797 (Mo.App. 1985); *accord State ex rel. Lichtor,* 845 S.W.2d at 59. The role of the reviewing court is limited to ensuring the trial court is not acting arbitrarily or unjustly. *State ex rel. Metropolitan Transportation Services, Inc. v. Meyers,* 800 S.W.2d 474, 476 (Mo.App. 1990).

■ Ordinarily, we would proceed with the same analysis conducted in *Lichtor* and *State ex rel. Creighton v. Jackson,* 879 S.W.2d 639, 643 (Mo.App.W.D.1994) to determine whether the court acted arbitrarily or unjustly in allowing such discovery of impeachment evidence; however, such an analysis is not possible here. The trial court failed to make any findings.[3] In *Metropolitan Transportation,* the trial court's failure to state the reasons for its discovery ruling was held a clear abuse of discretion. *State ex rel. Metropolitan Transportation Services, Inc.,* 800 S.W.2d at 476. Here, the trial court's decisions "may be based in bias or sound logic. This court has no way of knowing which. Absent a stated legal reason, the trial court's decision appears arbitrary and capricious, indicates a lack of careful consideration and is unreasonable." *See id.*

Accordingly, the preliminary writ in prohibition is made absolute, and respondent is ordered to withdraw that part of its August 9, 1995 order denying defendant's motions concerning plaintiff's deposition subpoena duces tecum. Furthermore, not only did the trial court fail to make findings as required by *Lichtor* and *Creighton,* we are unable to discern what specific evidence was presented, accepted, and considered by the trial court; therefore, respondent is ordered to conduct a new hearing on defendant's motions according to the principles found in *Lichtor* and *Creighton.*

CRANDALL and AHRENS, JJ., concur.

---

3. The following are the types of findings necessary to support the extraordinary discovery sought here. The *Lichtor* court, for example, found the sufficient factor was the jury verdict evidence showing forty-four percent of Dr. Lichtor's work as an expert witness came from the same law firm. *See State ex rel. Lichtor,* 845 S.W.2d at 63-4. The trial court in *Creighton* specifically found Dr. Creighton had been "less than forthcoming" regarding his income as an expert witness. *See State ex rel. Creighton,* 879 S.W.2d at 643.